## Hazard *against* Raymond.

THE defendant hired a house from one *Doyer* for one year, commencing on the 1st *May*, 1807, for the sum of 700 dollars, payable quarterly. One quarter's rent was due on the 1st *August* last, which, excepting 25 dollars, was paid. On the 12th *October*, 1807, a *fieri facias* was issued out of this court against the defendant, which was delivered to the sheriff the next day, and the goods of the defendant, which were in the house, were sold by the sheriff on the 20th day of the same month, and entirely removed from the demised premises. At the time of the sale and removal the landlord gave notice of the rent being in arrear, and demanded payment thereof to the time of the seizure of the goods. The amount of rent due, including the 25 dollars, calculated to the time of sale, was 80 dollars 55 cents; and the sheriff retained the sum of 200 dollars, the amount of rent due computed to the end of the current quarter.* The case was submitted to the court without argument. (a)

*Where the goods of a tenant who had hired a house for a year, for a sum payable quarterly, are taken in execution, the landlord is not entitled to rent for the current quarter, but only to the rent due on the last quarter day.*

*1 *L. N. Y.* p. 137, 138.
§ 12, 13, 24. *Bac. Ab. Rent, K. note·
Cook* v. *Cook.*

*Per Curiam.* The landlord is not entitled to be paid the accruing rent, but only for the rent due to the end of the last quarter, preceding the seizure by the sheriff.

(a) A landlord is not entitled to rent which subsequently accrues while the goods remain on the premises, in the sheriff's possession. Trappan v. Morie, 18 John. 1. Vide Schenck v. Vannest, 1 South, 323. Rent may be payable in advance by contract, and may be distrained for, or *will entitle the landlord to a specific lien against an execution under the statute.* Russell v. Doty, 4 Cowen, 576.